UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARCUS D. JONES**                                                                            **PETITIONER**

**V.**                              **NO. 2:20-cv-00028-BSM-JTR**

**DEWAYNE HENDRIX,**
**Warden, FCI-Forrest City Low**                                                  **RESPONDENT**

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

1

**I. Introduction**

On February 10, 2020, while serving an aggregated sentence of 327 months[1] at the Federal Correctional Institution-Low in Forrest City, Arkansas ("FCC Forrest City"), Petitioner Marcus D. Jones ("Jones") filed this § 2241 habeas action. (*Dkt. Nos. 2, 3*). In his habeas Petition, he alleges that, during a Program Review meeting in July of 2019,[2] the Bureau of Prisons ("BOP") violated his due process rights by automatically denying him "immediate placement or transfer" to a Residential Reentry Center ("RRC").[3] Jones seeks an order directing the BOP to consider him

---

[1] See *United States v. Jones*, Western District of Missouri Case Nos. 2:19-cr-04041-SRB; and 2:00-cr-04010-SRB. In those two separate cases, Jones was convicted and sentenced for: distribution and possession with intent to distribute and possession with intent to distribute cocaine base, a violation of 21 U.S.C. 846; Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922 & 924(a)(6) & 924(a)(1)(B); and False Statements in Acquisition of a Firearm, in violation of 18 U.S.C. §§ 922(a)(B) & 924(a)(1)(B).

[2] Jones later attempted to expand his habeas Petition to include events that occurred during a Program Review Meeting *in January of 2020. Dkt. No. 10 at 1, 8-9.* Because this claim had not been made when Respondent filed its Response, it hasn't been briefed. Additionally, it is unclear whether Jones exhausted his administrative remedies with respect to any Program Review Meeting other than the meeting held in July of 2019. Therefore, the Court declines to consider any claims related to a Program Review Meeting held in January of 2020.

[3] The BOP formerly used the term "Community Confinement Center," but now uses the term "Residential Reentry Center," more commonly referred to as a "halfway house." *See Miller v. Whitehead*, 527 F.3d 752, 754 (2008).

for RRC placement using the statutory factors set forth in 18 U.S.C. § 3621(b)(1)-(5).[4] *Dkt. 2 at 8-10, 12*; *Dkt. 3*. This is the only claim before the Court.[5]

On March 4, 2020, Respondent Hendrix filed a Response arguing that Jones's habeas claim lacked merit and should be denied because: (1) in *Jones v. English*, District of Kansas Case No. 19-3029, 2019 WL 3891147 (D. Kansas Aug. 19, 2019) (hereafter referred to as "*Jones I*"), the district court addressed any "RRC placement issues" in denying Jones habeas relief;[6] and (2) on September 24, 2019, the BOP advised Jones, after conducting a RRC placement review, a determination was made that he was not entitled to immediate RRC placement. *Dkt. 8*. In reply, Jones filed two "Supplemental Declarations" and a "Traverse Reply." *Docs. 10-12*.

---

[4] Jones also suggests that the Court should tell BOP staff what records to consider or ignore in evaluating his placement or transfer request. *Doc. 2 at 8-10*. As discussed *infra* in II.C, the Court lacks jurisdiction to second-guess or micromanage the BOP's exercise of its discretion to determine where to house prisoners.

[5] Jones withdrew, as moot, a second claim for habeas relief challenging the BOP's computation of the amount of good time credit he was entitled to receive after the BOP recomputed his good time credit. *See Dkt. No. 7 & 15*.

[6] On February 26, 2019, while he was incarcerated in the federal correctional facility in Leavenworth, Kansas, Jones filed the § 2241 habeas Petition in *Jones I*. A copy of *Jones I* is attached to Respondent's Response as "Attachment 2." *Dkt. No. 8-1 at 7-39*.
Jones appealed the denial of habeas relief to the Court of Appeals for the Tenth Circuit. *Jones I*, Case No. 19-3188 (10th Cir.). As of the date of this Recommendation, the appeal remains pending.
Contrary to Respondent's suggestion, the district court in *Jones I* did *not* address the specific RRC placement claim that Jones is asserting in this action. Accordingly, notwithstanding the pending appeal of *Jones I*, this Court has jurisdiction to consider the new habeas claim he is asserting in this action.

3

For the reasons explained below, the Court recommends that Jones's habeas claim be dismissed, with prejudice.

## II. Discussion

Federal prisoners may rely on § 2241 to challenge the execution of their sentence. While "the precise meaning of 'execution of the sentence' is hazy," *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242 (3d Cir. 2005), the Eighth Circuit has consistently permitted federal prisoners to use § 2241 to challenge BOP regulations or decisions regarding RRC placements. *See*, *e.g.*, *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008) (rejecting two prisoners' § 2241 claims that BOP's requirement of "extraordinary justification" for early placement at a RRC violated their rights by categorically excluding them from longer placement without considering their individual circumstances); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006) (granting § 2241 petition and striking BOP regulation imposing categorical restriction on transfers to RRC's as contrary to statutory mandate that discretion be exercised on an individual basis); *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004) (invalidating BOP policy interpreting § 3624(c) as providing a limit on the amount of time prisoners could be placed in a RRC and holding that the BOP has the discretion to transfer an inmate to a RRC at any time); *see also Woodall*, 432 F.3d at 242, n. 5 (holding that prisoner's challenge to BOP regulations limiting

opportunity for halfway house placement could proceed by way of habeas corpus "even if what is at issue ... is 'conditions of confinement.'").

The BOP is *authorized* by statute to "designate the place of [a federal] prisoner's imprisonment," and may "at any time" direct the transfer of a prisoner from one penal or correctional facility to another. 18 U.S.C. § 3621(b) (amended by the First Step Act of 2018, P.L. 115-391, December 21, 2018, 132 Stat 5194, at Sec. 601)). In deciding where an inmate is to be housed, the BOP must consider five statutory factors: (1) the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's offense; (3) the prisoner's history and characteristics; (4) any statements from the sentencing court; and (5) any pertinent policy statement issued by the United States Sentencing Commission. *Id.* § 3621(b)(1)-(5).

The BOP is *required*, under a different statutory provision, to ensure "to the extent practicable" that a prisoner serving a term of imprisonment "spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1) (amended by the Second Chance Act of 2007, Pub. L. No. 110-199, § 251, 122 Stat. 657, 692 (2008)).[7]

---

[7] The pre-Second Chance Act version of § 3624(c) limited an inmate's eligibility for a pre-release transfer to a RRC to the lesser of the final six months or ten percent of his sentence. 18 U.S.C. § 3624(c) (2000).

5

RRC placement under § 3624(c) must be: (1) considered in light of the factors set forth in § 3621(b); (2) determined "on an individual basis;" and (3) of "sufficient duration to provide the greatest likelihood of reintegration into the community." *Id.* § 3624(c)(6). The listing of factors in § 3621(b) does not, however, preclude the BOP from considering other matters in its placement analysis. *Miller v. Whitehead*, 527 F.3d at 757-58 (BOP permitted to consider post-incarceration circumstances such as inmate's behavior in prison). Although § 3624(c), as amended by the Second Chance Act, allows for placement in a RRC for up to twelve months, "placement beyond 180 days [is] highly unusual," and "only possible with extraordinary justification." *Id.* at 754, 757.

Jones acknowledges that his projected release date of July 15, 2023[8] renders him ineligible for a pre-release placement under § 3624(c). *See Jones I*, at *13 ("Pre-release placements are addressed in § 3624(c) and are limited to the final twelve months of an inmate's term of imprisonment."). Accordingly, given the time still remaining on his sentence, Jones's request for RRC placement can only be considered under 18 U.S.C. § 3621(b).

---

[8] His prior release date was January 15, 2024. *Jones I*, at *1. The new date likely reflects the award of additional good-time credit that mooted Jones's second habeas claim.

**A.     *Jones I***

Jones's earlier habeas claims in *Jones I*, which are now pending before the Tenth Circuit, are separate and distinct from the RRC placement claim he now asserts in this action. This does not mean, however, that Jones's new claim has no nexus to the RRC placement claims he raised in *Jones I*. In fact, it was the district court's decision in that case which laid the ground work for Jones's current claim.

In *Jones I*, the district court contrasted the distinction between "pre-release placements" and "non-prerelease" transfers:

> Pre-release placements are addressed in § 3624(c) and are limited to the final twelve months of an inmate's term of imprisonment. Non-prerelease inmates are inmates with more than twelve months remaining on their sentence, and their requests for transfer to an RRC are governed by § 3621(b).

*Jones I, at *13*.

Observing that it was difficult to tell whether Jones was seeking pre-release placement under § 3624(c) or a non-prerelease transfer under § 3621(b), the district court addressed both theories for relief. It held that Jones's claim for pre-release consideration was not ripe because his projected release date was outside the time period within which pre-release placement would be considered. *Id. at 14*. With regard to Jones's claim that he was entitled to an immediate transfer to a RRC under 18 U.S.C. § 3621(b), the district court noted that:

7

> He [Jones] is several years away from the completion of his sentence, § 3621(b) would govern the BOP's authority to consider his request. The BOP's discretion under § 3621(b) is separate and distinct from the BOP's obligation under § 3624(c). The BOP cannot deny a request for consideration for the sole reason that an inmate in ineligible for consideration until he is within a 17 to 19-month window of his release date. The Tenth Circuit in *Wedelstedt* [477 F.3d 1160, 1167 (10th Cir. 2007)] made it clear that the BOP cannot categorically deny consideration based upon an arbitrary time frame. *See Bassinger v. Wiley*, No. 09-cv-00005-PAB-KLM, 2010 WL 908923, at *7 (D. Colo. March 9, 2010) (where petitioner was consistently told he would not be considered for placement until he was within 17–19 months of his projected release date, the court stated that the grievance responses "clearly convey that Respondent, and others up the chain of review ..., failed to grasp the significance of the holding in *Wedelstedt* or the BOP's instructions and instead continued to categorically deny consideration based upon an arbitrary time frame").
>
> * * *
>
> Because it is not clear from the record that Petitioner has made a request for an immediate transfer to an RRC, the Court will not order the BOP to undertake an individualized consideration at this time. If Petitioner intends to make such a request, he should specify that he is seeking an immediate transfer as opposed to pre-release consideration. If Petitioner makes such a request, he would be entitled to receive individualized consideration under § 3621(b) at his next scheduled Program Review.

*Id*. at ** 15-16.

By the time the *Jones I* opinion was issued on August 19, 2019: (1) Jones had been transferred to FCC Forrest City; (2) his "next scheduled Program Review," as contemplated by the district court in *Jones I*, had already taken place at FCC Forrest

8

City; and (3) Jones was in the process of administratively appealing the BOP's adverse decision.

### B. FCC-Forrest City's Consideration of Jones's Request for Immediate Transfer

After arriving at FCC Forrest City, Jones requested that he be considered for "immediate placement" in a RRC, pursuant to 18 U.S.C. §§ 3624(c) and 3621(b). *See* Jones's email to Unit Team dated July 3, 2019, *Doc. 3 at 14*.

Later in July, Jones had a Program Review meeting.[9] This meeting resulted in a BOP decision that Jones was not eligible for a transfer to a RRC.

On July 19, 2019, Jones completed an Inmate Request Form seeking administrative review. He complained that his "unit team, contrary to 18 U.S.C. § 3624(c) and a BOP Memorandum issued November 14, 2008," violated his due process rights by finding that he was "automatically ineligible for Transfer to a RRC" and would not be reviewed until he was 17 to 19 months from release. *Doc. 3 at 10*.

On August 5, 2019, DeWayne Hendrix, a BOP Warden at FCC Forrest City, rejected Jones's appeal. In doing so, Warden Hendrix noted only that "your team discussed the Residential Reentry Center (RRC) placement would be reviewed 17-

---

[9] The exact date of the meeting is not clear from the record.

19 months prior to your projected release date of January 17, 2024." *Doc. 3 at 11-12*. This response suggests that Warden Hendrix may have believed Jones's request for RRC placement was made only under § 3624(c), not § 3621(b).[10] A BOP Memorandum, issued on November 14, 2008, makes it clear that BOP staff may not "automatically deny a non-prerelease inmate's request for pre-release transfer, but must give each request individualized consideration." *Jones I* at *13 (omitting internal quotes and citation).

In his August 21, 2019 appeal of Warden Hendrix's decision, Jones once again was explicit in arguing that: "I am [also] eligible for non-prerelease placement under § 3621(b)]." In support of his argument, Jones cited the BOP Memorandum issued on November 14, 2008, which provides that: "[i]nmates are legally eligible to be placed in a RRC at any time during their prison sentence[s]," and that "[s]taff cannot, therefore, automatically, deny an inmates [*sic*] request for transfer to a RRC." *Doc. 3 at 7-8 (omitting internal quotes)*.

---

[10] While it could be argued that Jones's initial request to the unit team was confusing as to whether he was seeking both pre-release *placement* pursuant to § 3624(c) and immediate *transfer* pursuant to § 3621(b), Jones's administrative review request to Warden Hendrix clearly specified that he was seeking an immediate transfer under § 3621(b). Warden Hendrix, in rejecting his appeal, did not address Jones's argument that he was entitled to be immediately transferred to a RRC under § 3621(b).

Warden Hendrix's failure to address Jones's request for an immediate RRC transfer may have stemmed from the fact that Jones was making this request over four years before his projected release date. While such a release was possible under § 3621(b), Jones would have to present truly compelling facts to prevail on such a request, given the high bar set by the evaluation factors that guide the BOP's exercise of its statutory discretion.

In a decision issued on September 24, 2019, Regional Director J. Baltazar denied Jones's Appeal. Importantly, Director Baltazar *directly addressed* Jones's request for immediate transfer to a RRC under § 3621(d):

> In accordance with the criteria identified in the Second Chance Act, requests for immediate transfer to an RRC placement are reviewed on an individual basis in every inmate's case. Staff considers the factors contained in 18 U.S.C. § 3621(b), which include the resources of the facility contemplated, the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the sentence recommending a type of penal or correctional facility.

*Doc. 3 at 9*.

Director Baltazar then applied the evaluation factors in § 3621(b), including the nature of Jones's convictions, his history of violence and escape, and his projected release date (which at the time was January 17, 2024), and concluded Jones was not entitled to an immediate transfer to a RRC under that statute. Director Baltazar further advised Jones that his case would continue to be evaluated at future unit review meetings. *Id*.

On October 7, 2019, at the final stage of the administrative appeal process, Jones again argued that he was "automatically being denied consideration for non-

11

prerelease RRC placement, based on the amount of time remaining on my sentence." *Doc. 3 at 6*. This appeal was denied.[11]

It is undisputed that Jones exhausted his administrative remedies with respect to the July 2019 Program Review meeting and subsequent appeals.

### C. Respondent Considered Jones's RRC Transfer Request Under § 3621(b)

The record shows that Director Baltazar, using the relevant § 3621(b) factors, provided Jones with an individualized determination of whether he qualified for immediate transfer to a RRC. By doing so, Director Baltazar corrected any error by the unit team and Warden Hendrix in failing to address Jones's argument that he was entitled to an immediate transfer Jones to a RRC to serve out the approximately four remaining years on his sentence.

Section 3621(b) does not require the BOP to provide prisoners with a detailed statutory analysis. At most, it requires only that the BOP consider a prisoner's request for RRC placement "in good faith." *Miller*, 527 F.3d at 758 (finding that inmates who challenged the denial of their request for immediate transfer to a RRC failed to present any evidence "the warden acted in other than good faith when he concluded that immediate RRC placement was not appropriate."). Notably, the

---

[11] The record is unclear regarding the date the final appeal was denied.

Eighth Circuit decided *Miller before* the 2018 passage of the First Step Act, in which Congress added to § 3621(b) language making it clear that the BOP's "designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b) (eff. December 21, 2018). The BOP's decision denying Jones's request for an immediate transfer to a RRC, pursuant to § 3621(b), effectively designated his place of imprisonment as FCC Forrest City. *See Porche v. Salazar*, 2019 WL 1373683, *1 (D. Oregon March 5, 2019) (construing addition to § 3621(b) to preclude court review of BOP's denial of inmate's transfer request). Thus, arguably the BOP decision is not reviewable, period.

Finally, even if Director Baltazar's decision is reviewable, the standard of review is limited to a determination of whether the decision was made in good faith. There is *nothing* in the record which indicates that Director Baltazar acted in bad faith when he concluded that Jones was not entitled, with over four years remaining on his sentence, to be transferred to a RRC to serve out the remainder of his sentence.

In his Reply Brief, Jones acknowledges that established law prevents the Court from reviewing *how* Director Baltazar analyzed the § 3621(b) factors.[12]

---

[12] It is well established that BOP prisoner placement decisions are exempt from judicial review under the Administrative Procedure Act. 18 U.S.C. § 3625 (specifying that the Administrative Procedures Act does not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. *See Martin v. Gerlinski*, 133 F.3d 1076, 1079 (8th Cir. 1998) (explaining that 18 U.S.C. § 3625, which exempts "any determination, decision, or order under [§§ 3621–3526]" from review under the APA, "precludes judicial review of [BOP] adjudicative

However, he then proceeds to ask the Court to do just that. *Doc. 11 at 7-14*. The Court declines to consider or address Jones's various arguments that Director Baltazar's § 3621(b) analysis was influenced by improper or inaccurate information. With these allegations, Jones shifts from an attack on the BOP's alleged refusal to consider his transfer request or its legal authority to grant it, to an attack on how the BOP exercised its discretion to decide where to house federal prisoners. The Court declines to undertake such a review, which is beyond the appropriate scope of a § 2241 habeas action.[13]

In connection with Jones's July 2019 Program Review meeting, the BOP recognized its authority to consider Jones's request for an immediate transfer to a RRC, pursuant to § 3621(b), and rejected the request on the merits, after considering the relevant statutory factors. This Court lacks the authority to second-guess or question the BOP's exercise of its discretion in denying Jones the requested immediate transfer under § 3621(b).

---

decisions"); *Barakat v. Fisher*, No. 13-1296, 2013 WL 6058932, at *1 (D. Minn. Nov. 18, 2013) ("To the extent Barakat challenges the particular determination in his case of the RRC placement, the Court lacks subject matter jurisdiction to review the [BOP's] discretionary decision ...."); *Ambrose v. Jett*, No. 13-2343, 2013 WL 6058989, at *7 (D. Minn. Nov. 15, 2013) ("[T]his Court does not have jurisdiction to review the ultimate discretionary decision by the BOP under §§ 3621(b) or 3264(c) to place Ambrose in an RRC or in home confinement placement.").

[13] *See also Jones I at *9-*10* (holding it lacked jurisdiction to consider Jones' claims related to the BOP's underlying classification decisions, including "the BOP's determinations regarding his security classification and PSF [public safety factor], or its transfer and eligibility determinations.")

14

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Marcus D. Jones's Petition for a Writ of Habeas Corpus (*Doc. 2*) be DISMISSED, WITH PREJUDICE.

Dated this 21st day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE